UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JASON PAUL IRVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 4:08-CV-040 AS |
| v. ) | |
| ) | |
| D.O.C. Dentist, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Jason Paul Irvin, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint. In his complaint, Mr. Irvin states that the Benton County Jail has "a prisoner grievance system that would allow [him] to file a grievance about the things that [he] is suing about" (DE 1 at § II.A.) but that he did not file a grievance because, "My grievance would only fall upon deaf ears. Nothing would have been done." (DE 1 at § II.B.)

> No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "The statute [42 U.S.C. § 1997e(a)] gives prisons and their officials a valuable entitlement--the right not to face a decision on the merits . . .." *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536 (7th Cir. 1999).

> Section 1997e(a) says that exhaustion must precede litigation. "No action shall be brought" until exhaustion has been completed. Requirements of this kind are common: no suit under the Federal Tort Claims Act until the agency has had time to rule on a claim for damages, no suit under the employment-discrimination laws until the parties have had time for administrative conciliation. And these rules routinely are enforced, as in *Perez*, by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending. Rules

>of the form "negotiate now, litigate later" or "administrative remedies first, litigation second" reflect a belief that postponing suits induces people to concentrate their attention on negotiation or alternative dispute resolution, so that some fraction of the time parties will not need to litigate at all. Once litigation commences, however, that casts a pall over negotiation or the administrative process, because it commits both resources and mental energies to court. Some persons are bound to do exactly what Ford did--to declare that the administrative process is irrelevant once suit begins. To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.

*Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (citations omitted).

Exhaustion is an affirmative defense, but "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Casualty Co.*, 959 F.2 75, 79 (7th Cir. 1992) (citations omitted). Here, Mr. Irwin has clearly an unequivocally stated in his complaint that there is an available grievance system and that he did not use it. Both § 1997e(a) and *Ford* mandate that this case be dismissed. Therefore, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: July 16, 2008**

                                                                  **/s/ ALLEN SHARP**
                                                                   **ALLEN SHARP, JUDGE**
                                                                   **UNITED STATES DISTRICT COURT**